The second case for argument is Romantix-Fargo v. City of Fargo, et al., Case No. 25-2235 from the District of North Dakota. All right, Mr. Hoffer, I'll hear from you first. Good morning, Your Honors. Matthew Hoffer on behalf of the Plaintiff Appellant, Romantix-Fargo, Inc. I'll be attempting to reserve five minutes for rebuttal. The clock will continue, so you'll have to stop on your own if you want to reserve. Thank you, Your Honor. Your Honor, words matter, both as a general proposition, but especially when we are interpreting a statute, and especially in the face of a vagueness challenge. As we stand here today, nearly four years removed from the denial of the permit requested, the City of Fargo has still failed to proffer a workable definition for adult bookstore that would actually regulate what the proposed operation was. Well, is there a new statute or a new regulation, I guess, in place at this point? There is, but not one that affects our case. Once this issue came up, this lawsuit was filed, the City realized the problems with its ordinance in that it couldn't, under the language of the definition of adult bookstore, regulate sexual device shops or sexual wellness shops, because, quite frankly, the definition doesn't encompass those items. So shortly after the lawsuit was filed, the City of Fargo amended their ordinance to create a new definition for a sex device shop, which was also included within the new definition. And you say that doesn't matter for this case. Why is that? Correct, because at the time that Romantics Fargo, Inc. applied for their permit, we had the definition was just adult bookstore, not sex device shops. So under North Dakota law, I don't have it in my notes, but since the application was submitted at that time, since there shouldn't even have been the need for a certificate of occupancy, because there are damages claimed here that prevent this lawsuit from being mooted out. So the damages aren't moot, but have you abandoned any sort of injunctive or declaratory relief? Is that off the table at this point? It's not completely off the table. There still is the opportunity if this court was to grant. Well, why isn't that moot? That's moot because at the time of the application, we look at the laws. What relief can we possibly afford? What value would a declaratory judgment be that an outdated regulation was misapplied to you? Your Honor, it wouldn't simply be declaratory relief. It would be the state law appeal that was filed or included in the complaint under International Colleges of Surgeons.  So you have a narrower lawsuit that's in front of us at this point. Is that fair to say? I don't think it is narrower. There are no issues that— Currently, injunctive relief is off the table. Correct. So that's got to be narrower than initially filed, right? Yes. We're looking at a claim for damages and the state law claim. That's what we're looking at now rather than injunctive relief. That's correct, Your Honor. On the state law claim, what would be the relief there? The state law claim, the relief would be to grant the requested change of occupancy permit. And because— Under the old ordinance, you mean? Under the old ordinance, that was in effect because, yes, that was the ordinance in effect. When the application was submitted, that's the ordinance that matters. That certificate of occupancy is granted. Then the business can go forward. Isn't that injunctive relief? I think you just conceded no injunctive relief. I did. But the state law appeal would be following the state law appeal that is granting the permit. And whether we look at that as injunctive relief under Rule 65 or simply as the court exercising supplemental jurisdiction over a permitting decision under International Colleges of Surgeons. Let me ask this. Under the revised code— Yes. You're out, right? Correct. So you think that we can grant injunctive relief that essentially says you got to go back to the old one and issue the permit under the old one? That, yes, the state law appeal applies to the law that was in effect at the time of the application. And, therefore, if the state law appeal is granted, then, yes, they can open and operate there. But the primary issue is— Can I say that again? If they win the state law appeal— If they win the state law appeal— Let me finish the question. Sorry. I think you're saying if they win the state law appeal under the old ordinance, then they're entitled to a certificate of occupancy that they can use even though there's a new ordinance that would preclude them from occupying? That is correct. Okay. Why don't you elaborate on why that would be appropriate relief? Because the state law appeal would have been looking to the law in effect at the time that the application was submitted, and the ordinance that knocks this out was changed after the lawsuit was filed. Can't the city do that? Can't they change the law? They can change the law, but the permitting decision is still going to be based on the law in effect at the time that the certificate of occupancy—excuse me, change of use permit was— You lost a certificate that says you should have been in there back at the time of the application. That's one aspect of relief, yes. I don't understand how that gets you anywhere. I understand your damages argument, but I don't understand this lease. What would be the point of the certificate if it's no longer usable? The certificate, well, if the certificate was granted, it would be usable. They would be able to open and operate. Are they grandfathered? Is that how it works in North Dakota? I mean, if Fargo wants to come in and say, we're going to rezone an area. Yeah, North Dakota, this wasn't the area I was looking to focus on. I'd have to supplement with the court, but my understanding is under North Dakota law, the municipality doesn't get to just change the rules after an application is submitted. That has to be determined on the law that exists at the time the application is submitted. But suppose he got the permit back at the time, as you say he should have. Is there something that would preclude the city from changing the rules and causing him to leave? Absolutely. The non-conforming use provisions of the land development code. If that use, and that's exactly why the city went and fixed their code after realizing the current code was vague, they went and fixed it because they knew if we got injunctive relief and we were able to or the store was able to open and operate, then they're, you know, as it's colloquially said, grandfathered use. So that's what Judge Kobus was asking. You're saying there is a grandfather provision of some kind? Yes, there would have to be either through... What do you mean there would have to be? There doesn't have to be. There is or there isn't. My recollection, not having looked at that provision of the code, is that there is a grandfathering provision of the... How can you have a recollection if you haven't looked at the provision of the code? Well, in some time, Your Honor. Okay. So let's go to your state law claim since it seems to be one that potentially is still viable. What is the standard review that a North Dakota court would take on that arbitrary and capricious claim? I forget the statute it's under, but I can't figure out what that review looks like, the judicial review. I mean, what's your position on what that standard is? It would be an arbitrary and capricious standard that is correct, and an error of law under North Dakota law is determined to be arbitrary and capricious. So is it de novo legal review? It is a deferential review as to the facts, but as to the law, it is de novo. So if they misinterpreted the meaning of bookstore, you think we review that de novo? It's a question of law, what the meaning is under the statute? Yes. There wouldn't be any type of deference to the city of Fargo because it's a pure question of law. Is there a procedural element too? Because your colleagues on the other side talk about a rational mental process that's required, and that's a pretty low standard, isn't it? I mean, I'm trying to understand, is that the kind of procedural element of the state law claim? That would be in applying the law to the facts of the case, but not in interpreting the definition of adult bookstore. So we have to decide, I mean, critically here, the question, and the city has come up with a few different interpretations on it, is how do we apply the definition? I don't remember. Did the district court recognize it was on de novo legal review, and if so, did it conduct de novo legal review on the regulation here? The district court essentially followed the vagueness challenge. The analysis of the state law appeal was very cursory, and quite frankly, it's always been in the lawsuit as sort of a backdrop. Well, it's in your brief as a backdrop too, but it seems like if you're on de novo review, maybe that's certainly a friendlier standard of review for you, but it was kind of an afterthought in your brief too, I think. Yeah, it is a backstop because the primary argument here is the vagueness argument. Why? Why is that your primary argument? You say it's not vague. It's clear that this is not a bookstore. Because the – I'm sorry, could you repeat the question? Well, your argument seems to be the definition is clear, that your outfit is not an adult bookstore. So I don't understand why you say it's vague. I thought your point is it's not a bookstore, and they erroneously denied us on the grounds that we're a bookstore. Well, it's vague as applied to or by the City of Fargo because originally on the first project, the 38th Street project, they said, yes, you remove all your books, magazines, and periodicals, no problem, you're not an adult bookstore. But then in the context of the current application, they did an about-face and said that, oh, we're going to look at the definition or the term stock and trade. We're going to regard devices as stock and trade. I know what they said, but I'm just saying your argument is that's wrong. It doesn't work grammatically. It doesn't follow from the text of the statute. So that's your state law argument, that they erroneously denied us a permit because we're a bookstore. Yeah, and unfortunately, four years later, our reversal of the state law appeal doesn't get us the images, and that's where the vagueness challenge comes in. So that's why you've put the vagueness up front because you want damages under 1983 and attorney's fees. That is correct, Your Honor. I would prefer both. But suppose we thought we need to look at the state law claim. Do you have any further to add about this, what the district court was doing there? As far as the state law claim, the- What standard of review was applied, I guess, was the specific question. For the deferential review as far as applying the laws of the facts, it's a fundamental statement of law that if we're looking at the definition of a term rather than the city's application of that definition, that we are in denial of review. So if we think the district court or the state agency just got it slightly wrong on the statute, it's a close call, but we think there's a better interpretation. You're suggesting we need to reverse on the state law claim. As well, yes. Why do you say- A minute ago, you said the state law claim is good for you because there's some grandfather provision which would require that the city allow you to continue in business. But now, just a minute ago, you said the state law claim doesn't get you much at this point, and that's why you're focused on vagueness. What's the real story on the state law claim? The real story on the state law claim is it's included in case the court decides I want, under the doctrine of constitutional avoidance, just to not deal with any of this vagueness. I'm just going to say, city, you got it wrong. Issue the permit. No one's argued constitutional avoidance. That's correct. I almost feel like you need to elect your- It's technically not true. You need to elect your remedy or pick your argument here. Is that a fair comment? And I understand your position. You may not want to do that here, but- Yeah, our preference- Maybe de facto you have, and that is it's the vagueness challenge. And that is the avenue we've taken. This is primarily a vagueness challenge. We want this heard as a vagueness challenge, and the state law appeal is simply a backdrop. But you're not waiving the state law, or are you? I'm not waiving the state law. And with that- One, you wouldn't be entitled to damages on the state law claim? My understanding is no, it's simply the grant or denial of the permit. There wouldn't be a damages component to that. And, Your Honor, I've- There wouldn't be damages for the fact that you were deprived the permit for a period of time? Not that I'm aware of, Your Honor. All right. Well, if you're not seeking them, then that's what we need to know. You may reserve the balance. Thank you. Thank you, Your Honor. Mr. Bergthold, we'll hear from you. Thank you, Your Honors. May it please the Court, Scott Bergthold on behalf of the City of Fargo and Nicole Crutchfield, we ask that this Court affirm the summary judgment below because the issues are resolved by this Court's precedents. Based on the colloquy with my opposing counsel, I'd like to turn first to the state law claim and correct a misstatement regarding the standard review. It's laid out on page 52 of our brief, and it says that a city commission decision like this, an administrative decision, must be affirmed unless the local body acted arbitrarily, capriciously, or unreasonably, or there's not substantial evidence supporting the decision. But generally in our case law, a mistake of law is good enough under that standard. Are you saying that's not the case? I don't think so, Your Honor, because if you think about the context of that decision or that statute, it's providing for certiorari type or judicial review of administrative decisions, which are almost always going to be applying a zoning ordinance or a similar local statute or ordinance to facts at hand. And that's why the language that you mentioned in my opposing counsel's argument about the fact that the record shows that it can employ rational processes to come to a reasoned conclusion and that there was some evidence that reasonable minds might accept is adequate to support the conclusion. I mean, I'm reading the language here that I've got from Johnson v. City of Burlington, and it says, a governing body's failure to correctly interpret and apply controlling law constitutes arbitrary, capricious, and unreasonable conduct. That sure sounds like a de novo sort of legal review as described by your friend on the other side. Well, two things, Your Honor. If we classify that and call it de novo, fine, we still win, because words do matter. I grant that. And what opposing counsel and romantics has tried to do throughout this entire case is elide words out of the ordinance. The constitutional standards under Gray-Ned and other cases say that we look at the ordinance as a whole. Well, in fairness to romantics here, so did the Fargo Zoning Board for quite some time, correct? Well, Your Honor. I mean, it can't be that outrageous of an interpretation. The City of Fargo was advancing that interpretation for some time. Well, what the City of Fargo is doing from the September 7th denial letter to the presentation to the Board of Adjustments and to the City Council, and every single time they employed the similar use criteria. If you look at the four factors that But they came to the opposite conclusion. Well, Your Honor. If you're applying the same criteria and ending up with opposite conclusions, I mean Well, there was not an opposite conclusion in this case. It was like you're not an adult bookstore, right? You can, and on the former application for the different location, the City was advancing the legal argument that romantics is now, correct? I apologize, Your Honor. I was confused. Yeah, I probably had a question. Because that, you said Board of Adjustments has been taking this position. That case was a preliminary letter that never went to decision, never went to permitting, never went to the Board of Adjustments, so I got confused. In that case, there was a preliminary zoning confirmation letter in 2021 about a district that already allows, by right, adult uses in the district. And there was also basically a current owner of land seeking to add on to the same parcel he already owned. And in that letter, there were significant caveats. They said not only are you not guaranteed a building permit, but they said full compliance with LDC code provisions will be measured at the time of permitting. There's no site plan on file, so we're going to have to do an inspection. Yeah, but, I mean, the one thing that didn't seem unclear was you're not an adult bookstore. Your Honor, you're right. At that preliminary letter, which is designed to confirm zoning compliance, they had told a place that was in a zone that allowed adult uses, that if you remove these things to come outside the definition, then this additional thing on your same lot will be a lot. They could have been treating that as unified development or knew that in the future that they would, in which case they would treat this all as one basic business because it was owned by the same people on the same lot. But here, if we get to the bottom of the matter, Your Honor, they're making an argument about a mistake of application of the ordinance. Chief Judge Carlson was exactly on point because at page 38, and I'll get to why this shows that they don't really have redressability or can't get relief here, on page 14 of their reply brief, they say the city never grapples with Romantics Fargo's authority that, quote, when a statute is unambiguous, the letter of it is not disregarded in pursuit of its spirit. This applies to the definition of adult bookstore. So they're claiming not that it's ambiguous, but they made a mistake of fact. Not a mistake of fact, a mistake of law. They're arguing that the board misapplied the ordinance and said that this outfit was a bookstore when it wasn't.  So if they're correct on that, are they entitled to some relief? No, Your Honor. They're not. Why not? Because they're wrong as a matter of law because. . . No, I said if they're correct as a matter of law. Oh, if they're correct. But the board erroneously classified them as an adult bookstore and denied the permit on that basis. Are they entitled to relief at this point? No, because I think upon appellate review, the state courts in North Dakota would look at the Land Development Code as a whole and what was cited by the director in her denial letter, the staff presentation before the Board of Adjustments, even though they focused on the adult bookstore definition and not the similar use criteria, and before the city commission. And in every one of those, the staff was consistent. We look at the totality of circumstances when a use doesn't fit neatly or perfectly. You're saying even if there's a legal error, the state courts might exercise their discretion not to grant relief? Is that the argument? No, the argument is that whether you consider the staff determination and the city commission's ultimate decision as this is an adult bookstore or this is a use that is most like an adult bookstore. Well, that's not what they said the second, but go ahead. Well, at the end of the day, Your Honor, what is the harm that they're seeking to be redressed? They're seeking to open an adults-only sexual device shop in the heart of the downtown mixed-use district. That's what the state court would be looking at. And there's no theory by which they get to do that because they never identified the specific retail sales and service use that's allowed in that district that romantically their adults-only sex shop would fit into. So they still have to have some way of getting the permit. Why couldn't they get it as a retail service unless the board were to say we're going to try to classify it as a similar use and say it's not a retail service? But they didn't say that yet as I understand it. They just said you're an adult bookstore. They treated it as an adult bookstore and applied the standards applicable. So why aren't they entitled to some kind of relief that would at least require the board to go through the alternative analysis? Because I think upon review, the state court will look at the totality of the record and show that what the factors are that led to the determination by the director that the substantial or significant stock in trade that was sexually oriented was supported by the record. And most factors like adults-only patronage, the way they advertise themselves are all factors laid out in 20-1203B in the similar use analysis. You've mentioned several times what you think a state court would do. Are you suggesting there's a way for us to send this back to a state court or are you saying we need to make that decision? I think under International College of Decisions, the district court made that decision properly and that this court could review that decision within its jurisdiction. I want to go back to the remedy on the state arbitrary and capricious issue. Do you agree that there are no damages available? Yes, that's correct. Is there injunctive relief available under that cause of action? No. What would the relief be? I understand you're not going to concede it, but assuming that we thought the district court erred here, what is the remedy? Is it ordering the issuance of a permit or is it remanding the city for further consideration? I don't think there is a remedy at this point because to follow on your colloquy with Mr. Hoffer, what happened actually was they did open a bookstore or they did open a store at 74th North Broadway. After the new ordinance went into effect, they got a permit and they opened a lingerie store with a very de minimis portion of adult toys. But this isn't in the record, is it? No, but neither is the new ordinance. So I just — But that goes to our jurisdiction, doesn't it? I think so. I think there's a redressability problem because he doesn't — he agrees that injunctive relief is moot. He agrees that he can't get damages under the State law. The new ordinance has been in effect for years, and it's kind of a bridge to nowhere, even his constitutional claim. Well, that's why I'm surprised you didn't come up and start arguing mootness right away. Well, Your Honor, they just recently closed the new store in the new year, and I wasn't arguing against the damages. The new ordinance has been in place. I don't know why we didn't start there. I think because there was a theory in play at the district court that damages would save the case from mootness, but they — Well, let me ask you. Yes. Do you contend that it's moot now? Or is he somehow entitled to some damages? Is he entitled to an injunction under a grandfathering provision that he mentioned?  What's your response to his argument there? My response is that you actually have to commence the use. I think you have to have done the land use under the old ordinance in order to make any form of grandfathering. Well, his point is that there was error that precluded the permit. He would have had the permit under the old ordinance, and therefore we should basically grant the relief so that he's in the position he would have been in, which would have entitled him to this grandfathering. And therein is the rub. What do you mean? The rub is that he would have gotten the permit, and that's not so. Even if he had proven we're not an adult bookstore, he still would have had to show — I think what we keep trying to tell you is we're assuming that fact. Right. That there was error here, and that he should have been entitled to the permit. He didn't qualify as an adult bookstore. That's implicit in our questions.  But he also didn't comply as a retail sales and service use because you have to be a specific use, arts, bicycle, gift shops. How do we know that? There's no decision by the board on that. Well, because the director and the board made a logical decision, I think, because everything is sold at retail. Cars are sold at retail. That doesn't mean that because — Well, they could have denied it on that basis then, but they didn't. They denied it on the basis that this was an adult bookstore. They denied — So how do we know what they would have done if they realized that it was not an adult bookstore? At the staff presentation before all the appellate bodies, the staff showed the definition of retail sales and service and then showed — Is that in the record? It is. Okay. It is. Maybe that's what the staff was saying or thinking, but that wasn't the board's decision as I understand it. Right, but they still reached a reasonable conclusion based on a rational mental process, based on what was brought before them. Are you saying that if we find a legal error, that we cannot afford any sort of remedy to romantics on the state procedural issue? No, because it would be moot because you can't get damages on the state procedural issue. Did you brief mootness? No, it just came up in our argument. Did you put in your brief that there's a new ordinance and that the case is moot? I don't remember. Your Honor, we didn't put all that. There was a preliminary injunction slash emergency TRO order from the district court. No, I mean a brief to our court. No, Your Honor, because — So you're not taking the position that the case is moot. No, Your Honor, I think the case is moot. I was thinking in terms of redressability. I was thinking in terms of you didn't prove that you fit into a specific retail sales and service use, and so you didn't get a permit. But whether that's characterized as a mistake or an inconsistent application compared to what they did in a different zoning district five, seven years ago, none of that makes the ordinance unconstitutionally vague on the face, and we more or less admit that at page 14 of their brief. So I don't think they have a constitutional claim. I think, if we can concede that for a minute, but we're talking about the state procedural claim. Yes. And maybe this goes to my question about they seem almost like incompatible theories. I'm having a hard time making, I mean, either one of them work, quite frankly. And, I mean, what's your argument on that? My argument was, in my mind, originally phrased in terms of redressability because even if they proved that there was a mistake of fact in the application of the adult bookstore definition to them or the similar use criteria as interpreted within the adult use category, even if there's a mistake of fact there, they didn't prove entitlement. They didn't tell us what is the use in the retail sales and service use category that you are going to be using. And you're saying you did argue redressability in your brief? No. We argued that they didn't. We repeatedly argued that they never showed us what the retail sales and service use that they would be. We didn't phrase it in terms of redressability, which obviously is a standing issue that can come up at any time like mootness. But, Your Honor, we said even if they showed an inconsistent application in another case or even if they say that this was a mistake of application, that doesn't prove that they're entitled to a change of use permit to go open an adults-only sex shop in the heart of the downtown. And that's what they would have to prove. That's really what they had to prove from the beginning to get any sort of meaningful relief. They would have had to show, Your Honor, that we fit in this use and at least this specific use, because anything can be sold at retail. So we get into the specifics of what particular retail store you're going to operate here. This specific use is permitted in this location and contains no adult uses, just like the Kress email on June 10th of 2022. But the fact is the staff and the appellate bodies always had before them the evidence of this particular use and what they wanted to do in the heart of downtown and the criteria and the standards to go into determining what's the most appropriate use to apply. And that is in the denial letter at page 180 of the record, in the City Council presentation at page 243 of the record, and in the Board of Adjustments presentation at page 536 of the record. Is there or is there not a grandfathering provision or a grandfathering doctrine that might entitle them, if they're right, to a permit? I do believe that there is a non-conforming use provision, but I believe it requires that the use is actually commenced, which did not occur here. And I also, to your question to opposing counsel, know there's not a requirement that they be grandfathered because North Dakota, as a matter of state law, allows amortization. So they could have been, if they ever started, they could have been amortized by now. With that, we ask the Court to affirm the judgment below. What's the provision about non-conforming use that would function as a grandfathering provision? That was not argued in the briefs, Your Honor, by either side, and so I would have to look at that and provide that in a supplemental authority. Okay. Thank you for your argument. Thank you, Your Honor. I believe there's brief time remaining for rebuttal. Very brief. Thank you, Your Honor. The first misstatement I need to correct is the idea that Romantics Cargo needed to fit themselves into the definition of retail sales and service. That's not the way that the retail sales and service definition works. This is Section 20-1203-D6 of the ordinance, and it simply reads characteristics. Retail sales and service firms are involved in the sale, lease, or rent of new and used products to the general public. They may also be personal services or entertainment or provide product repair or services for consumer and business goods. That's it. Subsection C is examples, but one doesn't necessarily need to fit into an example to fit into the used category, and North Dakota law requires statutes to be interpreted in at least harmony with their title, so those being examples, there's no necessity that we fit within any of those. Lastly, it makes no difference that the original project was for the light industrial district. It was necessary for that business to be a non-adult business in order to comply with the dispersal requirements. If the permit was granted under the old regulation and then the city enacted a new one, the amortization process, though, could have occurred. Is that correct? That is correct, Your Honor. But we're entirely speculating about how that would have played out. Is that fair? That's fair. We've been looking for a firm position in the city because it's not exactly 100% clear under North Dakota law if we get a permit now that the ordinance has changed, if we can have that use. As I understand it, the city's position now is that, no, we don't get to open and operate as originally intended and as originally applied. That's not an issue that's been addressed at length, but that's also why we have the 1983 challenge because whether or not there is a grant of the permit, we still absolutely have damages for the time that this door was unable to operate, and this door did not open afterwards. On what constitutional theory? Under the vagueness theory. So that's your primary constitutional claim, I take it, is vagueness. Absolutely, Your Honor. And I see my time has expired. Your time has expired. Thank you for your argument.  Thank you to both counsel. The case is submitted and the court will file a decision in due course. Thank you, Your Honor. Counsel are excused.